UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| DORIS O'LEARY,<br>            Plaintiff,<br><br>       v.<br><br>CAROLYN COLVIN,  Acting<br>Commissioner of Social Security,<br><br>            Defendant. | Case No. C14-1043RSM<br><br>ORDER ON SOCIAL SECURITY<br>DISABILITY |

## I.      INTRODUCTION

Plaintiff, Doris O'Leary, brings this action pursuant to 42 U.S.C. § 405(g) to obtain judicial review of the final decision of the Commissioner of Social Security denying her claim for Social Security Disability (SSD) insurance benefits.   The parties agree that this Court should remand the ALJ's decision.   The issue is whether the case should be remanded for further proceedings or for a finding of disability and payment of benefits.

## II.      BACKGROUND

Plaintiff filed an application for SSD benefits, alleging disability beginning September 24, 2010.  Tr. 22.  Plaintiff's claims were denied initially and on reconsideration.  *Id.*  On November 27, 2012, Administrative Law Judge ("ALJ") Tom L. Morris held a hearing with Plaintiff.   Tr. 22 and 43-93.   Plaintiff was represented by counsel, Travis Hanson.  Tr. 43. Vocational Expert ("VE") Paul Prachyl was also present and testified.  *Id.*  On March 18, 2013,

ORDER ON SOCIAL SECURITY DISABILITY, PAGE - 1

the ALJ found Plaintiff not disabled.  Tr. 37.  Plaintiff requested administrative review of the ALJ's decision, and on May 14, 2014, the Appeals Council declined review, making the ALJ's decision the final decision of the Commissioner for purposes of judicial review.  Tr. 1-5. Plaintiff timely filed this judicial action.

## III.   JURISDICTION

Jurisdiction to review the Commissioner's decision exists pursuant to 42 U.S.C. §§ 405(g) and 1383(c)(3).

## IV.   STANDARD OF REVIEW

This Court has the discretion to reverse the Commissioner's decision with or without a remand for further administrative proceedings.  *See* 42 U.S.C. § 405(g); *Harman v. Apfel*, 211 F.3d 1172, 1177-78 (9th Cir. 2000).  "[R]emand for further proceedings is unnecessary if the record is fully developed and it is clear from the record that the ALJ would be required to award benefits."  *Holohan v. Massanari*, 246 F.3d 1195, 1210 (9th Cir. 2001).

The Ninth Circuit articulated a test for determining when to remand for an immediate finding of disability and award of benefits in *Smolen v. Chater*, 80 F.3d 1273 (9th Cir. 1996) ("*Smolen* Test").  Accordingly, this Court may credit evidence and remand for an award of benefits where:

1) The ALJ has failed to provide legally sufficient reasons for rejecting [medical opinions or a claimant's testimony];

2) There are no outstanding issues to be resolved before a determination of disability can be made; and

3) It is clear from the record that the ALJ would be required to find the claimant disabled were such evidence credited.

*See id*. at 1292; *See also Bayliss v. Barnhart*, 427 F.3d 1211, 1214 (9th Cir. 2005).  If, however, unresolved issues remain such that the record does not clearly require a finding of disability, the Court should remand for further proceedings to remedy defects in the original proceedings. *Id*.; *McAllister v. Sullivan*, 888 F.2d 599, 603 (9th Cir. 1989).

## V.  EVALUATING DISABILITY

As the claimant, Ms. O'Leary bears the burden of proving that she is disabled within the meaning of the Social Security Act (the "Act").  *Meanel v. Apfel*, 172 F.3d 1111, 1113 (9th Cir. 1999) (internal citations omitted).  The Act defines disability as the "inability to engage in any substantial gainful activity" due to a physical or mental impairment which has lasted, or is expected to last, for a continuous period of not less than twelve months.  42 U.S.C. §§ 423(d)(1)(A), 1382c(a)(3)(A).  A claimant is disabled under the Act only if her impairments are of such severity that she is unable to do her previous work, and cannot, considering her age, education, and work experience, engage in any other substantial gainful activity existing in the national economy.  42 U.S.C. §§ 423(d)(2)(A); *see also Tackett v. Apfel*, 180 F.3d 1094, 1098-99 (9th Cir. 1999).

The Commissioner has established a five step sequential evaluation process for determining whether a claimant is disabled within the meaning of the Act.  *See* 20 C.F.R. §§ 404.1520, 416.920.  The claimant bears the burden of proof during steps one through four.  At step five, the burden shifts to the Commissioner.  *Id.*  If a claimant is found to be disabled at any step in the sequence, the inquiry ends without the need to consider subsequent steps.  Step one asks whether the claimant is presently engaged in "substantial gainful activity" (SGA). 20 C.F.R. §§ 404.1520(b), 416.920(b). [1]  If she is, disability benefits are denied.  If she is not, the

---

[1] Substantial gainful employment is work activity that is both substantial, *i.e.*, involves significant physical and/or mental activities, and gainful, *i.e.*, performed for profit.  20 C.F.R § 404.1572.

ORDER ON SOCIAL SECURITY DISABILITY, PAGE - 3

Commissioner proceeds to step two.  At step two, the claimant must establish that she has one or more medically severe impairments, or combination of impairments, that limit her physical or mental ability to do basic work activities.  If the claimant does not have such impairments, she is not disabled.  20 C.F.R. §§ 404.1520(c), 416.920(c).  If the claimant does have a severe impairment, the Commissioner moves to step three to determine whether the impairment meets or equals any of the listed impairments described in the regulations.  20 C.F.R. §§ 404.1520(d), 416.920(d).  A claimant whose impairment meets or equals one of the listings for the required twelve-month duration requirement is disabled.  *Id.*

When the claimant's impairment neither meets nor equals one of the impairments listed in the regulations, the Commissioner must proceed to step four and evaluate the claimant's residual functional capacity ("RFC").  20 C.F.R. §§ 404.1520(e), 416.920(e).  Here, the Commissioner evaluates the physical and mental demands of the claimant's past relevant work to determine whether she can still perform that work.  20 C.F.R. §§ 404.1520(f), 416.920(f).  If the claimant is able to perform her past relevant work, she is not disabled; if the opposite is true, then the burden shifts to the Commissioner at step five to show that the claimant can perform other work that exists in significant numbers in the national economy, taking into consideration the claimant's RFC, age, education, and work experience.  20 C.F.R. §§ 404.1520(g), 416.920(g); *Tackett*, 180 F.3d at 1099, 1100.  If the Commissioner finds the claimant is unable to perform other work, then the claimant is found disabled and benefits may be awarded.

## VI.    ALJ DECISION

Utilizing the five-step disability evaluation process,[2] the ALJ found:

---

[2] 20 C.F.R. §§404.1520, 416.920.

ORDER ON SOCIAL SECURITY DISABILITY, PAGE - 4

**Step one:** Ms. O'Leary had not engaged in substantial gainful activity since September 24, 2010, the alleged onset date.  Tr. 24.

**Step two:** Ms. O'Leary had medical impairments that caused more than a minimal effect on her ability to perform basic work activities.  Specifically, she suffered from the following "severe" impairments: affective disorder and anxiety disorder.  Tr. 24.

**Step three:** These impairments are not severe enough to meet the requirements of any listed impairment in 20 C.F.R. Part 404, Appendix 1, Subpart P.  Tr. 25.

**Residual Functional Capacity:** Ms. O'Leary had the RFC to perform a full range of work at all exertion levels but with the following nonexertional limitations: the claimant is limited to simple tasks with occasional contact with coworkers and supervisors.  The claimant cannot tolerate contact with the general public, and requires emphasis on occupations/duties dealing with things/objects rather than people.  Tr. 28.

**Step four:** Ms. O'Leary is unable to perform her past relevant work as a substance abuse counselor.  Tr. 35.

**Step five:** An individual with Plaintiff's age, education, work experience, and RFC could work in a significant number of jobs in the national economy, such as electrical accessory assembler, small product assembler, and final assembler; therefore, she is not disabled.  Tr. 35-36.

## VII.   ISSUES ON APPEAL

Plaintiff asserts that there is not substantial evidence in the record to support the ALJ's finding that she could work as an electrical accessory assembler, small products assembler or final assembler.  As a result, Plaintiff argues that the ALJ erred at step five of her evaluation by failing to meet her burden of showing there were other jobs in the national economy that she

(Ms. O'Leary) could perform, and that she is disabled as a matter of law.  Plaintiff asks the Court to remand her case for a finding of disability and award of benefits.  In the alternative, Ms. O'Leary challenges the ALJ's evaluation of and weight accorded to the medical opinions of the State consultants Dr. Alex Fisher and Dr. Eugene Kester, and argues that her case should be remanded for further proceedings so that the ALJ can appropriately examine and weigh the opinions of these doctors.

## VIII.   DISCUSSION

### A.  Step Five Analysis

Plaintiff argues that the ALJ erred in determining that she was capable of performing work in a significant number of jobs in the national economy, such as electrical accessory assembler, small product assembler, and final assembler, because he did not consider the occupational bases for those jobs in view of her nonexertional limitations.   Specifically, Plaintiff argues that "very heavy," "heavy," and "medium" occupational bases were completely eroded, and that she is disabled under a "light" rule.  Dkt. #13 at 7-14.  The Commissioner agrees that errors were made in the ALJ's analysis, but that remand is necessary to obtain vocational expert testimony regarding whether Plaintiff was able to perform work at a higher exertional level than light work, given that the vocational expert was silent as to these issues during the hearing.  Dkt. #20 at 2-3.  The Court disagrees.

At step five, it is the Commissioner's burden to prove that the claimant can perform other work that exists in significant numbers in the national economy, taking into consideration the claimant's RFC, age, education, and work experience.   20 C.F.R. §§ 404.1520(g), 416.920(g); *Tackett*, 180 F.3d at 1099, 1100.  The Commissioner does not dispute that the ALJ did not obtain evidence that she could perform a relevant job given her RFC and vocational

ORDER ON SOCIAL SECURITY DISABILITY, PAGE - 6

profile; rather, she seeks remand of this matter for further proceedings to obtain evidence that was previously absent from the record.

In this case, the ALJ found that Ms. O'Leary was capable of performing a full range of work at all exertion levels, but with nonexertional limitations.  The vocational expert testified that Ms. O'Leary could perform what are considered to be light exertional jobs.  Tr. 36 and 88-90.  The ALJ specifically asked the VE to consider a hypothetical individual that could work at all exertional levels, with no exertional limits, but with the nonexertional limitations applicable to Ms. O'Leary.  Tr. 88-89.  He also asked the VE to consider an individual that could work at light exertional levels.  Tr. 89-90.  The ALJ accepted the testimony of the vocational expert without qualification, and without follow up as to any available jobs at any other specific exertional levels other than light, implicitly accepting that Ms. O'Leary can work at only light exertional levels.  Tr. 36 and 88-90.

The evidence in the record also establishes that Ms. O'Leary was of advanced age, had a high school education, and had no transferable skills.  Accordingly, this Court agrees with Plaintiff, for the reasons set forth in her briefing, that proper use by the ALJ of the Grids as a guideline and framework for decision making should have resulted in a finding that Ms. O'Leary is "disabled."  *Distasio v. Shalala*, 47 F.3d 348, 349-50 (9th Cir. 1995); *Cooper v. Sullivan,* 880 F.2d 1152, 1157 (9th Cir. 1989) (holding that once the testimony of a vocational expert establishes the level of work a claimant is able to perform, the ALJ is bound by the favorable results dictated by the Grids).

Moreover, Plaintiff's case was filed almost four year ago.  As the Ninth Circuit has observed, "[r]emanding a disability claim for further proceedings can delay much needed income for claimants who are unable to work and are entitled to benefits, often subjecting them

to 'tremendous financial difficulties while awaiting the outcome of their appeals and proceedings on remand.'" *Benecke v. Barnhart*, 379 F.3d 587, 595 (9th Cir. 2004) (quoting *Varney v. Secretary of Health & Human Services*, 859 F.2d 1396, 1398 (9th Cir. 1988)).

As the Commissioner failed to meet the burden of proof at step five, and the Court now finding that the record is fully developed, the Court also finds that the Plaintiff is disabled under the Act. Further proceedings are unnecessary in this case and would only delay Plaintiff's receipt of benefits.[3]

## IX.    CONCLUSION

For the foregoing reasons, the Court hereby ORDERS that this case be REMANDED for a finding of disability and an award of benefits.

DATED this 9th day of April 2015.

RICARDO S. MARTINEZ
UNITED STATES DISTRICT JUDGE

---

[3] Given the Court's finding that Ms. O'Leary is disabled, the Court does not reach Plaintiff's alternative arguments regarding the analysis of, and weight give to, the state's consultative experts.

ORDER ON SOCIAL SECURITY DISABILITY, PAGE - 8